UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN A. MITCHELL,

        Petitioner,         Case No. 1:10-cv-907

v.         Honorable Gordon J. Quist

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is an abuse of the writ.

**Factual Allegations**

Petitioner Stephen A. Mitchell presently is incarcerated at the Lakeland Correctional Facility. Following a jury trial, he was convicted in the Ingham County Circuit Court of two counts of first-degree murder, MICH. COMP. LAWS § 750.316. On March 13, 1991[1], he was sentenced to life imprisonment without the possibility of parole on both counts. Petitioner appealed his convictions to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals affirmed Petitioner's convictions on August 8, 1994. The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 28, 1995.

On May 8, 2008, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court. The trial court denied his motion on March 17, 2009. Petitioner appealed the trial court's decision to both the Michigan Court of Appeals and Michigan Supreme Court. On December 15, 2009, the Michigan Court of Appeals denied Petitioner's application for leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). On June 28, 2010, the Michigan Supreme Court denied Petitioner's application for leave to appeal for the same reason.

Petitioner previously filed a habeas action in the Western District of Michigan on April 19, 1996. *See Mitchell v. Jones*, No. 1:96-cv-326 (W.D. Mich.). The court addressed Petitioner's application for habeas corpus relief on the merits. *See id.*, Mar. 11, 1998 Op. & Order, docket ##22, 23. Petitioner filed the instant application for habeas corpus relief on September 10, 2010.

---

[1] In his application for habeas corpus relief, Petitioner states that he was sentenced on March 31, 1992. Because Petitioner's first habeas petition and the Michigan Department of Corrections' Offender Tracking Information System indicate that Petitioner was sentenced on March 13, 1991, this Court will reference the date of March 13, 1991 for his sentencing. *See Mitchell v. Jones*, No. 1:96-cv-326, Mar. 11, 1998 Op., docket #22 (W.D. Mich.); *see also* Mich. Dep't of Corr. Offender Tracking Info. Sys. at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=215428.

## DISCUSSION

Petitioner filed a prior habeas petition on April 19, 1996, that was denied on the merits. If Petitioner's earlier habeas action had been filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), the instant petition would be subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Under that provision, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2)).

However, when, as here, the prior habeas action was filed before the April 24, 1996, enactment of the AEDPA, the second or successive provision does not apply. *See Cress*, 484 F.3d at 852. Rather, this Court must consider whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.* That standard does not require authorization from the court of appeals. *Id.*

A habeas petition may be seen as an abuse of the writ of habeas corpus if the petitioner raises a claim in a subsequent petition that he could have raised in an earlier petition. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). The "abuse of the writ" standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McCleskey*, 499 U.S. at 494), *cited in Cress*, 484 F.3d at 852. In making the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter

through the habeas process." *McClesky*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, a petitioner must demonstrate that the alleged constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tolliver v. Sheets*, 594 F.3d 900, 924 (6th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

In the instant habeas application, Petitioner raises the following three grounds for relief:

> I. WHETHER DEFENDANT IS CONSTITUTIONALLY ENTITLED TO SPECIFIC PERFORMANCE OF HIS PLEA OFFER AND AGREEMENT THAT WAS BREACHED BY THE PROSECUTOR IN VIOLATION OF DEFENDANT'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHT[S] TO FUNDAMENTAL FAIRNESS AND SUBSTANTIVE DUE PROCESS GUARANTEES.
>
> II. WHETHER MICHIGAN FELONY MURDER DOCTRINE IS CONSTITUTIONALLY FLAWED WHERE IT NOT ONLY ALLOWS A JURY TO INFER THAT THE AIDE AND ABETTOR INTENDED TO KILL FROM THE UNDERLYING FELONY, BUT ALSO ALLOWS A FINDING OF FIRST DEGREE MURDER EVEN WHERE THE UNDERLYING FELONY WAS COMMITTED AFTER THE MURDER AS A PRESUMPTIVE ELEMENT.
>
> III. DEFENDANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT[S] TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL[S].

(Attach. to Pet., Page ID ##9, 14, 16, docket #1.)

In his first habeas ground, Petitioner argues for the specific performance of a plea agreement even though Petitioner was tried before a jury. Petitioner claims that the threat of his testimony against a co-defendant played a pivotal role in securing a guilty plea from the co-defendant. Petitioner, however, asserts that he never received any benefit from that plea agreement.

Because the plea negotiations occurred before Petitioner's trial, Petitioner clearly was aware of the basis of this habeas ground before he filed his first habeas petition. Therefore, Petitioner cannot show cause as to why he did not raise his claim in his first habeas petition.

In his second habeas ground, Petitioner complains that the felony murder doctrine in Michigan is unconstitutional. In his first habeas petition, Petitioner argued that there was insufficient evidence to convict him of murder. *See Mitchell v. Jones*, No. 1:96-cv-326, Mar. 11, 1998 Op., docket #22 (W.D. Mich.). Petitioner clearly could have raised a claim regarding the constitutionality of the felony-murder statute when he argued that there was insufficient evidence to convict him under the statute in his first habeas petition. He therefore fails to show cause as to why he could not have raised this claim in his first habeas petition.

In his third habeas ground, Petitioner alleges that he received the ineffective assistance of trial counsel and appellate counsel. For trial counsel, Petitioner claims that his counsel was ineffective for advising Petitioner to reject a plea offer without ensuring Petitioner understood Michigan law on felony murder. Petitioner argues that he would have accepted the prosecutor's plea offer if counsel had fully informed him of the law on felony murder. Because the plea offer occurred before Petitioner's trial, Petitioner was aware of his ineffective assistance of trial counsel claim before filing his first habeas petition. He therefore fails to show cause why he could not have raised his ineffective assistance of trial counsel claim in his first habeas petition.

As for appellate counsel, Petitioner argues that appellate counsel was ineffective for advising Petitioner to dismiss his trial counsel's motion for a new trial. Petitioner provided:

> Here, appellate counsel was aware of the pending motion for a new trial that trial counsel had filed after trial based on the prosecutor's renege on his oral agreement to grant a new trial in consideration for [Petitioner]'s agreement to testify against the co-defendant. However, rather than allow the motion to be heard and decided on the merits, appellate counsel advised [Petitioner] to dismiss the motion.

> ***
> In addition, appellate counsel raised several other issues on appeal, but never raised the breach of the prosecutor's oral agreement.

(Attach. to Pet., Page ID #18, docket #1.) Petitioner knew of his ineffective assistance of appellate counsel claim when appellate counsel advised Petitioner to dismiss his trial counsel's motion after his trial. Because the exchange between appellate counsel and Petitioner occurred after his trial but before his direct appeal, Petitioner was fully aware of appellate counsel's alleged failure before he filed his first habeas petition. Accordingly, Petitioner cannot show cause as to why he could not raise this claim in his first habeas petition.

Because the instant petition amply demonstrates that Petitioner was aware of the facts underlying his current habeas grounds at the time he filed his first habeas petition, he cannot show cause for any failure to raise those grounds in his first habeas petition. Therefore, the instant habeas petition constitutes an abuse of the writ, and it will be dismissed.[2]

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 as an abuse of the writ.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

---

[2] Even if the Court were to determine that Petitioner's petition was not an abuse of the writ, Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: December 7, 2010                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE